ESTATE of Thomas C. WERBE, American Fletcher National Bank and Trust Company, Administrator c.t.a., Plaintiff,

v.

UNITED STATES of America, Defendant.

No. IP 56-C-284.

United States District Court
S. D. Indiana,
Indianapolis Division.

Nov. 10, 1958.

As Amended Dec. 16, 1958.

Lester M. Ponder, Indianapolis, Ind., for plaintiff.

Don A. Tabbert, U. S. Atty., by James L. Miller Asst. U. S. Atty., Indianapolis, Ind., for defendant.

STECKLER, Chief Judge.

In this action tried before the court without a jury, the plaintiff, the estate of Thomas C. Werbe, seeks to recover an alleged overpayment of estate tax for the year 1951. The only question presented is whether the settlement provisions of five policies of insurance on the life of the decedent qualify the proceeds of the policies for the marital deduction under Section 812(e) (1) (G) of the Internal Revenue Code of 1939, 26 U.S.C. § 812(e) (1) (G). The facts are found in accordance with Rule 52, Federal Rules of Civil Procedure, 28 U. S.C.

Findings of Fact

1. This action is brought under Title 28 United States Code, § 1346(a) ·(1).

2. The plaintiff is the estate of Thomas C. Werbe, who died on December 5, 1951, a resident of Anderson, Madison County, Indiana. American Fletcher National Bank and Trust Company, Indianapolis, Indiana, is the administrator c. t. a. of such estate, and is a national banking association organized under and existing by virtue of the laws of the United States of America, with principal office and place of business at Indianapolis, Indiana.

3. Within the time prescribed by law, the plaintiff made and filed with the Director of Internal Revenue for the District of Indiana then in office, its estate tax return and thereafter paid to the Director of Internal Revenue for the District of Indiana then in office, the estate tax assessed upon such return. Subsequently, a tentative audit of the return was made by the District Director at Indianapolis, Indiana, which tentatively determined a deficiency in the amount of $26,777.10. No credit was allowed the estate for state inheritance taxes in this tentative audit. At a later date the estate submitted evidence entitling it to a credit for state inheritance taxes in the amount of $16,635.37, resulting in a net deficiency of $10,141.73. This deficiency of $10,141.73; together with interest thereon in the amount of $1,795.93, a total of $11,937.66 was assessed by the Commissioner and was paid by the estate as follows:

| February 17, 1956 | $10,904.51 |
| March 8, 1956 | 1,033.15 |
| | $11,937.66 |

4. In the federal estate tax return filed by the estate the administrator claimed as a marital deduction under Schedule M the sum of $173,593.80, which amount represented a total of six items listed under Schedule M of the return. Item 6 under Schedule M represented "insurance listed in Schedule D, and owned by the decedent." Under Schedule D of the federal estate tax re-

turn the administrator listed ten items of insurance totaling $87,954.30. Items 3, 5, 6, 7 and 8 of Schedule D represent five policies of life insurance of a total value of $16,426.99. Such five policies of life insurance were as follows:

| Insurer | Policy No. | Value, Date of Death |
|---|---|---|
| New England Mutual Life Insurance Company | 164427 | $1,424.39 |
| " | 192327 | 5,703.76 |
| " | 324877 | 3,734.21 |
| " | 324878 | 2,241.33 |
| The Equitable Life Assurance Society of the United States | 2,229,104 | 3,323.30 |

In the audit of the return the Commissioner excluded the value of these five policies from consideration in the determination of the amount of the marital deduction.

5. On May 15, 1956, the plaintiff filed a claim for refund of the aforesaid additional estate tax attributable to the disallowance of the marital deduction upon the aforesaid life insurance policies, plus the amount of estate tax refund to which the estate will be entitled by reason of the payment of additional legal expense for the filing and prosecution of this suit for refund.

6. On September 27, 1956, the Commissioner of Internal Revenue notified the plaintiff by registered mail of the rejection and disallowance of the aforesaid claim for refund of estate tax.

7. No part of the claimed refund of estate tax and interest thereon has been credited, remitted, refunded or repaid to the plaintiff or to anyone on its account.

8. The beneficiary clause which is identical in all four New England policies, provides in pertinent part as follows:

Request is hereby made that policies Nos. 164427, 192327, 324877 and 324878 be made payable, in case of the decease of the Insured, and subject to any indebtedness to the Company thereon or secured thereby, in accordance with the following provisions; and any and all provisions for beneficiaries, for payment of the proceeds or for policy control inconsistent therewith are hereby revoked.

A. The proceeds payable upon receipt of due proof of the death of the Insured will be applied under the following provisions:

B. Cleo E. Werbe, wife of the insured, will be hereinafter referred to as said primary beneficiary. Thomas C. Werbe, Jr. and Richard H. Werbe, sons of the Insured, will be hereinafter referred to as said secondary beneficiaries. Interest payments under any Fourth Option, including shares of surplus interest shall be paid monthly, commencing, with respect to such an Option becoming operative upon the decease of the Insured, one month after such decease.

C. The proceeds will be retained by the Company under the Fourth Option incorporated in the policy and interest payments made to said primary beneficiary, if living, continuing, subject to the provisions hereinafter set forth, as long as said primary beneficiary shall live.

1. While the Fourth Option is operative, the right shall be reserved to said primary beneficiary, if living, to make withdrawals from the amount remaining under the Fourth Option with the Company, in whole or in part; also to elect that the amount remaining under the Fourth Option with the Company be applied for said primary beneficiary's benefit, immediately at the time of election, but not otherwise, to any Option of either the Options of Payment incorporated in the policy or of the Contingent Options of Payment contained in this agreement, whichever shall be in conformity with the limitations hereinafter set forth in the General Provisions, with such further withdrawal or commutation privilege as may be agreed upon between said primary beneficiary and the Company.

D. In the event said primary beneficiary shall not survive the Insured or shall decease after the Insured and while any settlement above provided for is operative, any amount that may be due on the proceeds will be divided at the decease of the survivor of the Insured and said primary beneficiary into such number of equal shares, payable in the manner hereinafter provided, as there shall be said secondary beneficiaries then living, and then deceased of said secondary beneficiaries with issue then living.

\*   \*   \*   \*   \*

General Provisions:

\*   \*   \*   \*   \*

If, according to the above provisions, a payee would have any withdrawal right, commutation right, or right to elect a change of Option, the Company shall not be required to permit such right to be exercised after the decease of the Insured, except upon a payment date, and shall have the right to require ninety (90) days' notice in writing. The Company shall not be required to permit any payee to make more than four (4) partial withdrawals during any one contract year, nor to permit any partial withdrawal of an amount less than Fifty Dollars ($50). If by any withdrawals the balance retained for any payee would be reduced to less than One Thousand Dollars ($1000), the Company shall have the right to pay such balance in one sum to the payee who would then be entitled to receive payments thereunder, in full discharge of all liability of the Company.

Except as otherwise expressly provided in this agreement, no payee shall have any right to assign, alienate, anticipate or commute any installments or payments, to make withdrawals of proceeds, or to make any change in the above provisions; and, except as otherwise prescribed by law, no payment of interest or of principal shall be subject to the debts, contract or engagement of any payee, nor to any judicial process to levy upon or attach the same for the payment thereof.

9. The fourth option of payment under the New England policies provided as follows:

Fourth Option. Monthly interest payments at the rate of $2.06 for each One Thousand Dollars of the amount applied to this Option, commencing one month after this Option becomes operative and continuing during the life of the Payee, or such other period as may be mutually agreed upon with the Company. This interest is the equivalent of two and one-half per cent at the end of the year. At the decease of the Payee or at the end of the period agreed upon, the amount then

retained, with any accrued interest, shall be paid in one sum, unless otherwise provided.

10. The beneficiary clause of the Equitable Life Assurance Society of the United States provided in pertinent part as follows:

Beneficiary Provision:

1. Settlement of the net sum due under this policy by reason of the death of the Insured shall be made with the Insured's wife, Cleo Werbe, if living at the death of the Insured, as provided in paragraph 2, if not then living, the said sum becoming due shall be divided into the number of equal shares that will provide:

> One share for each of the Insured's sons, Thomas C. Werbe, Jr. and Richard H. Werbe who may be living at the death of the Insured and settlement of each such share shall be made with said respective child as provided in paragraph 3.

> One share for the then living children of each said son of the Insured who may not be living at the death of the Insured and each such share shall be paid in a single sum in equal shares to said children of said deceased sons.

Should the Insured's said wife, the Insured's said sons and the children of the Insured's said sons be not living at the death of the Insured, the said sum becoming due shall be paid in a single sum to the executors or administrators of the Insured.

2. A. The amount becoming due to said wife under paragraph 1 shall be applied under Option 1 of the Modes of Settlement at Maturity of Policy with interest payable annually to said wife during her lifetime, except

(1) On interest due dates said wife may elect to withdraw all of the amount then held under Option 1 or any part thereof but no partial withdrawals may be made for less than One Hundred Dollars.

4. Payment of any sum withdrawable hereunder at the option of a beneficiary may be deferred by the Society for a period not exceeding six months after receipt of application therefor.

11. The first option of payment referred to in the Equitable settlement request provides as follows:

1. Deposit Option: Left on deposit with the Society at interest guaranteed at the rate of 3 per cent per annum, with such Excess Interest Dividend as may be apportioned.

12. The beneficiary clauses of the policies in question insofar as they are quoted in pertinent part above are clear and unambiguous.

13. Plaintiff has incurred certain attorneys' fees in the prosecution of this claim.

### Conclusions of Law

1. The subject matter in controversy and the parties are within the jurisdiction of this court.

2. The wording of the beneficiary clauses of the policies involved in this litigation is clear and unambiguous.

3. The surviving spouse had only a terminable interest in the proceeds of the five life insurance policies within the meaning of Section 812(e) (1) (B) of the Internal Revenue Code inasmuch as the proceeds transferred to the spouse may upon the happening of an event ultimately pass from the decedent to persons other than the surviving spouse for less than full consideration in money or money's worth.

4. The proceeds of the policies do not qualify for the marital deduction under

the provisions of Section 812(e) (1) (G) of the Internal Revenue Code of 1939 because the widow's power of appointment over the proceeds is not exercisable in all events.

5. The defendant is entitled to judgment in accordance with the foregoing Findings of Fact and these Conclusions of Law.

Plaintiff is entitled to take nothing by this action except such overpayment as may be determined by reason of reasonable attorneys' fees incurred and judgment may be entered for defendant on the merits dismissing the action with prejudice, the defendant to recover from plaintiff its costs.

6. Reasonable attorneys' fees incurred in the prosecution of this claim constitute an expense of administration and are properly deductible in computing tax due.